No. 25-1142

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

CITY WIDE CONSTRUCTION PRODUCTS COMPANY,

*Plaintiff-Appellant,*

v.

TEAMSTERS LOCAL UNION NO. 245,

*Defendant-Appellee.*

On Appeal from the United States District Court for the Western District of
Missouri
Civ. No. 6:24-cv-03005-MDH

**BRIEF OF PLAINTIFF-APPELLANT CITY WIDE CONSTRUCTION
PRODUCTS, LLC**

**STINSON LLP**
Grant E. Mulkey
Missouri Bar No. 74450
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: 816.691.3203
Facsimile: 816.412.8124
grant.mulkey@stinson.com

*Attorney for Plaintiff-Appellant City Wide
Construction Products, LLC*

# SUMMARY OF THE CASE

In this case, Plaintiff-Appellant City Wide Construction Products, LLC f/k/a City Wide Construction Products Company ("City Wide" or "the Company") seeks to vacate an arbitration award rendered by Arbitrator Ronald Hoh on October 7, 2023. After executing the current collective bargaining agreement ("CBA"), Defendant-Appellee Teamsters Local Union No. 245 ("the Union") filed a grievance alleging that City Wide had violated the CBA by "releasing drivers from duty for the day out of seniority order."

Arbitrator Hoh sustained the grievance based on the language in Article V, Section 11 of the CBA. That provision—which requires employees to be "called in," "laid off," and "recalled" according to seniority—does not include the phrase "relieved from duty for the day." The only provision that refers to employees being "relieved from duty for the day" has limited application not relevant to this dispute. Arbitrator Hoh's Opinion and Award fails to draw its essence from the CBA because it amends, alters, and/or effectively rewrites the CBA. The district court erred in enforcing the Opinion and Award, and this Court should reverse the district court's Judgment and vacate the Opinion and Award.

Oral argument is warranted given the importance of the issues presented and in order to address questions regarding the applicability of the Court's precedent to the record evidence. City Wide requests twenty minutes per side.

i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1(a) and 8th Cir. R. 26.1A, City Wide states that it is a Missouri limited liability company. City Wide is wholly owned by RMCMO Holdings, LLC, a Missouri limited liability company. The Monarch Cement Company, a publicly held Kansas corporation, owns 49% of RMCMO Holdings, LLC. No other publicly held corporation owns any of City Wide's stock, either directly or indirectly.

Appellate Case: 25-1142    Page: 3    Date Filed: 03/12/2025 Entry ID: 5494895

# TABLE OF CONTENTS

SUMMARY OF THE CASE....................................................................................i

CORPORATE DISCLOSURE STATEMENT ...................................................... ii

TABLE OF CONTENTS.................................................................................. iii

TABLE OF AUTHORITIES ..............................................................................v

STATEMENT OF JURISDICTION....................................................................1

STATEMENT OF THE ISSUES.........................................................................1

STATEMENT OF THE CASE............................................................................2

   I.    The Parties' Collective Bargaining Agreement................................................2

   II.   The Parties' 2022 Collective Bargaining Negotiations. ...................................4

   III.  The Grievance and Arbitration Proceedings Before Arbitrator Hoh. ............6

   IV.  Procedural History. ......................................................................................9

SUMMARY OF THE ARGUMENT ..................................................................10

ARGUMENT ...................................................................................................13

   I.    The District Court Erred by Enforcing Arbitrator Hoh's Opinion and Award....................................................................................................13

       a.  Standard of Review. ..............................................................................13

       b.  A Reviewing Court Must Vacate an Arbitration Award That Fails to Draw Its Essence from the Contract....................................................13

   II.   Arbitrator Hoh's Opinion and Award Fails to Draw Its Essence from the Contract Because It Ignores the Plain Language of the CBA. ......................17

Appellate Case: 25-1142    Page: 4    Date Filed: 03/12/2025 Entry ID: 5494895

III.     Arbitrator Hoh's Opinion and Award Fails to Draw Its Essence from the
         Contract Because It Does Not Give Effect to the Parties' Mutual Intent. ....22

         CONCLUSION ........................................................................................25

iv

Appellate Case: 25-1142    Page: 5    Date Filed: 03/12/2025 Entry ID: 5494895

**TABLE OF AUTHORITIES**

## CASES

*Alcan Packaging Co. v. Graphic Communication Conf., Int'l Bhd. of Teamsters & Local Union No. 77-P*, 729 F.3d 839 (8th Cir. 2013), *as corrected* Oct. 30, 2013) ...............................................................................15

*Axis Surplus Ins. Co. v. TriStar Cos., LLC*, 94 F.4th 767 (8th Cir. 2024)..............20

*Boise Cascade Corp. v. Paper Allied-Indus, Chem. & Energy Workers, Local 7-0159*, 309 F.3d 1075 (8th Cir. 2002)................. 2, 13, 14–15, 16, 21, 22

*Brazil v. Auto Owners Ins. Co.*, 3 F.4th 1040 (8th Cir. 2021)................................21

*Bureau of Engraving, Inc. v. Graphic Communications Int'l Union, Local 1B*, 164 F.3d 427, 429 (8th Cir. 1999) ............................................................2, 13, 22

*Centralab v. Local No. 816, Int'l Union of Elec. Workers*, 827 F.2d 1210 (8th Cir. 1987) ................................................................16

*Clinchfield Coal Co. v. Dist. 28, United Mine Workers*, 720 F.2d 1365 (4th Cir. 1983) ............................................................22

*Excel Corp. v. United Food & Commercial Workers Local 431*, 102 F.3d 1464 (8th Cir. 1996) ..............................................2, 13, 14, 15–16, 21

*Hoffman v. Cargill Inc.*, 236 F.3d 458 (8th Cir. 2001)..........................................15

*Homestake Mining Co. v. United Steelworkers, Local 7044*, 153 F.3d 678, 680 (8th Cir. 1998) ....................................................................13

*Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184 (8th Cir. 1988).....1, 17

*John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers*, 913 F.2d 544 (8th Cir. 1990)............................................................16

*Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*, 80 F.3d 284 (8th Cir. 1996) ........................................................................2, 14

Appellate Case: 25-1142     Page: 6     Date Filed: 03/12/2025 Entry ID: 5494895

*Piggly Wiggly Operators' Whse. v. Piggly Wiggly Operators' Whse. Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580 (5th Cir. 1980) ..........16

*PSC Custom, LP v. United Steelworkers Int'l Union, Local No. 11-770*, 763 F.3d 1005 (8th Cir. 2014) ...........................................................17

*Sheet Metal Workers Int'l Ass'n, Local No. 3 v. Lozier Corp.*, 255 F.3d 549 (8th Cir. 2001) .................................................................17

*Smart Communications Collier Inc. v. Pope County Sheriff's Office*, 5 F.4th 895 (8th Cir. 2021) ......................................................................21

*United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987) ...............1, 17

*U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523 (4th Cir. 2000) ......24

*United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960)..........................................................................13, 14, 15

## STATUTES

9 U.S.C. § 10 ...............................................................................................1, 10

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1331 ..............................................................................................1

28 U.S.C. § 1337 ..............................................................................................1

29 U.S.C. § 185 .................................................................................1, 10, 13

## RULES

Fed. R. App. P. 26.1(a) ................................................................................. ii

8th Cir. R. 26.1A .......................................................................................... ii

## OTHER AUTHORITIES

*Layoff*, *Black's Law Dictionary* (11th ed. 2019)......................................................18

Appellate Case: 25-1142     Page: 7     Date Filed: 03/12/2025 Entry ID: 5494895

## STATEMENT OF JURISDICTION

The district court had jurisdiction of the claims set forth in the Complaint based on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. § 10, and 28 U.S.C. §§ 1331 and 1337 because City Wide sought to vacate a labor arbitration award issued pursuant to the terms of a collective bargaining agreement entered into between City Wide and the Union.

The district court issued its Order granting the Union's Motion for Summary Judgment and denying City Wide's Motion for Summary Judgment on December 19, 2024 and entered its Judgment in the case that same day. City Wide timely filed its Notice of Appeal regarding the Judgment on January 21, 2025.

This Court's jurisdiction to review the district court's final decision exists under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.      Whether Arbitrator Hoh's Opinion and Award must be vacated because it fails to draw its essence from the parties' collective bargaining agreement by ignoring the plain language of the collective bargaining agreement.

**Authorities:**

> *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987).

> *Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184 (8th Cir. 1988).

1

> *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*, 80 F.3d 284 (8th Cir. 1996).

> *Excel Corp. v. United Food & Commercial Workers Local 431*, 102 F.3d 1464 (8th Cir. 1996).

2.　Alternatively, whether Arbitrator Hoh's Opinion and Award must be vacated because it fails to draw its essence from the parties' collective bargaining agreement by impermissibly amending, altering, or effectively rewriting the collective bargaining agreement.

**Authorities:**

> *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*, 80 F.3d 284 (8th Cir. 1996).

> *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers, Local 7-0159*, 309 F.3d 1075 (8th Cir. 2002).

> *Bureau of Engraving, Inc. v. Graphic Communications Int'l Union, Local 1B*, 164 F.3d 427, 429 (8th Cir. 1999).

## STATEMENT OF THE CASE

**I.　The Parties' Collective Bargaining Agreement.**

City Wide is a ready-mix concrete supplier serving customers for large and small projects in the Springfield, Missouri region, with two plants located in Ozark and Billings, Missouri. App. 1; R. Doc. 1, at 1. City Wide employs ready-mix truck drivers to deliver ready-mix concrete to customers for their various projects, and the Union is the collective-bargaining representative for those drivers. App. 1–2; R. Doc. 1, at 1–2.

2

City Wide and the Union have been parties to a series of collective bargaining agreements, including their current collective bargaining agreement effective July 30, 2022 until July 30, 2025 ("CBA"). App. 35, 42, 47; R. Doc. 16-3, at 1; R. Doc. 16-2, at 1, 6. Article IV of the CBA sets forth the parties' grievance and arbitration procedure. App. 44–45; R. Doc. 16-2, at 3–4. Article IV, Section 4 of the CBA states, in relevant part: "The arbitrator shall have the right to construe the Agreement, but not to change same. The decision of the arbitrator shall be final and binding upon both parties." App. 45; R. Doc. 16-2, at 4.

Article V of the CBA sets forth various general provisions, including the following:

> 3. The management, direction and layout of work and the affairs of the Employer, including the right to hire, discipline or discharge for proper cause, subject to the terms of the Agreement, or to transfer from one job to another, and the right to lay-off because of lack of work or for other legitimate reasons, and the right to direct and improve the operation of the work is vested exclusively with the Employer.
>
> . . . .
>
> 11. All drivers will be called in according to seniority and will be laid off and recalled according to seniority.
>
> 12. Employees assigned to a particular plant normally will be based at that plant, but situations may arise that make it necessary or desirable for efficiency or other business reasons to switch employees from one plant to another for one or several loads. The Company maintains the right to determine when this is necessary, but agrees that such switching will not occur with the intent of denying work to a senior employee. It is also agreed that employees who are switched to work at or from a

3

plant other than their home plant shall be the first employees relieved
from duty for the day at the other plant.

App. 45–46; R. Doc. 16-2, at 4–5.

The parties' prior collective bargaining agreement, which was in effect July 30, 2019 until July 30, 2022, included identical language in Article IV, Section 4 and in Article V, Sections 3 and 11. App. 38–40; R. Doc. 16-3, at 4–6. The predecessor collective bargaining agreement did not include Article V, Section 12. *See* App. 40; R. Doc. 16-3, at 6.

## II.  The Parties' 2022 Collective Bargaining Negotiations.

City Wide and the Union engaged in collective bargaining for the current CBA in July 2022. App. 92; R. Doc. 16-1, at 43. Union Business Agent Brian Emory was the Union's chief negotiator for these negotiations. App. 92; R. Doc. 16-1, at 43. During bargaining sessions on July 6, 2022, the Union initially proposed that drivers be guaranteed to work forty hours each week, and later proposed that drivers be guaranteed to work twenty hours each week; City Wide rejected those proposals. App. 92–94; R. Doc. 16-1, at 43–45; *see also* R. Doc. 18-4, at 2, 5–6.

During a bargaining session on July 8, 2022, the Union made the following proposal regarding relief from duty:

When working Saturday or Sunday, Drivers will be relieved from duty by inverse *Company* seniority; except that a Driver may exercise his seniority to be relieved before Drivers with less *Company* seniority.

4

App. 96–97; R. Doc. 16-1 at 47–48; *see also* R. Doc. 18-5, at 4. The Union chose to use the phrase "relieved from duty" instead of "laid off" in this proposal regarding relief from duty in inverse seniority order. App. 97; R. Doc. 16-1, at 48. City Wide also rejected this proposal. App. 97; R. Doc. 16-1, at 48. During the arbitration hearing before Arbitrator Hoh, Mr. Emory testified that, to the best of his knowledge at that time, the prior collective bargaining agreement "did not already contain any language dealing with the subject of the order in which employees were to be released at the end of a work day." App. 97; R. Doc. 16-1, at 48.

Ultimately, City Wide and the Union reached agreement on a new CBA. The CBA left the language in Article V, Section 11—which guarantees that "[a]ll drivers will be called in according to seniority and will be laid off and recalled according to seniority"—unchanged from the prior collective bargaining agreement. App. 40, 46; R. Doc. 16-3, at 6; R. Doc. 16-2, at 5. The new CBA also added Article V, Section 12 to the CBA, which provides that "employees who are switched to work at or from a plant other than their home plant shall be the first employees relieved from duty for the day at the other plant." App. 46; R. Doc. 16-2, at 5. This language, which is the only provision in the CBA that references employees being "relieved from duty for the day," is "limited solely to when an employee is switched to work from his or her home plant." App. 46, 99; R. Doc. 16-2, at 5; R. Doc. 16-1, at 50. The Union wrote the proposal that became Article V, Section 12 and chose to use the words

5

"relieved from duty for the day" instead of using the words "laid off" in that proposal. App. 100; R. Doc. 16-1, at 51.

## III.  The Grievance and Arbitration Proceedings Before Arbitrator Hoh.

Representatives of City Wide and the Union signed the CBA on August 16, 2022. App. 48; R. Doc. 16-2, at 7. Just two days later on August 18, 2022, the Union filed a grievance alleging the following:

> The company [sic] unilaterally began releasing drivers from duty for the day out of seniority order as early as Friday, August 12, 2022.
>
> This is a circumvention of seniority and long established dispatch protocol and as such it is a violation of our collective bargaining agreement.
>
> I request the Company cease releasing drivers from duty out of seniority order.
>
> I request the Company make all affected drivers whole by compensating each of them what they would have earned (including overtime) had they been retained and or released by seniority order beginning August 12, 2022 and continuing daily until such time that the practice ceases.

App. 49; R. Doc. 16-4. The parties were unable to resolve the grievance, and they ultimately selected Arbitrator Ronald Hoh to hear the matter. Arbitrator Hoh held a hearing via videoconference on June 7, 2023. App. 123; R. Doc. 16-8, at 1. Thereafter, the parties submitted post-hearing briefs to Arbitrator Hoh setting forth their positions and arguments. App. 124; R. Doc. 16-8, at 2.

On October 7, 2023, Arbitrator Hoh issued his Opinion and Award sustaining the Union's grievance. App. 124; R. Doc. 16-8, at 8. The parties were unable to stipulate to an issue, and Arbitrator Hoh framed the issue before him as:

1.   Did the Company violate the parties' contract concerning the circumstances of this case?

2.   If so, what shall the remedy be?

App. 124; R. Doc. 16-8, at 2. The "circumstances of this case" necessarily include the sole issue presented by the Union's grievance regarding whether releasing drivers from duty out of seniority order violated the CBA. Arbitrator Hoh determined that "[t]he Company violated the parties' contract in the circumstances of this case." App. 130; R. Doc. 16-8, at 8.

Arbitrator Hoh stated in his Opinion and Award:

It is additionally the arbitrator's function in contract interpretation cases to attempt to ascertain and give effect to the parties' mutual intent in their agreement to the pertinent contract language. When the contract language is clear and unambiguous, the arbitrator is to give effect to those provisions without examination of any element other than that contract language. On the other hand, where the applicable contract language before the arbitrator is unclear or ambiguous, arbitrators examine pertinent parol evidence, such as past practice and bargaining history, as well as apply certain other generally accepted rules of contract construction, as aids in attempting to determine the parties' mutual intent.

App. 128–29; R. Doc. 16-8, at 6–7.

Arbitrator Hoh identified Article V, Section 11 of the CBA as "[t]he applicable contract provision," and he specifically found that City Wide's right

7

under Article V, Section 12 "to switch employees from one plant to another . . . has nothing to do with the other clear terms of Section [11]."  App. 129–30; R. Doc. 16-8, at 7–8.[1]  He further stated that Article V, Section 11 of the CBA "*clearly and undisputedly* provides that all drivers '. . . will be . . . called (into work) according to seniority,' as well as laid off and recalled by seniority."  App. 129; R. Doc. 16-8, at 7 (emphasis added).

Despite the Union's grievance raising only the matter of "releasing drivers from duty for the day out of seniority order," Arbitrator Hoh sustained the grievance by reasoning that the Company violated the call-in procedures:

> [T]he Company does not have the authority to unilaterally call in employees in whatever order it wishes to do so, and must instead follow the clear contractual requirement for calling in of employees by seniority contained in Article V, Section II [sic].

App. 129; R. Doc. 16-8, at 7.  The Opinion and Award states that Article V, Section 11 "require[s] via the use of the word 'will' that drivers '*will* be called in, laid off and recalled according to seniority.'"  App. 130; R. Doc. 16-8, at 8 (emphasis in original).  Consequently:

---

[1] The Opinion and Award is replete with typographical errors, repeatedly referencing "Section II" instead of "Section 11."  *See* App. 129–30; R. Doc. 16-8, at 7–8. Reading these references in context makes clear that the Opinion and Award generally refers to Article V, Section 11 of the CBA when it uses the phrase "Section II."  However, one reference to "Article V, Section II" regarding City Wide's right to switch employees from one plant to another is an obvious reference to Article V, Section 12 of the CBA.  App. 129–30; R. Doc. 16-8, at 7–8.

Given the strength of the contractual terms involved in this area, the Company does not have the right to change its call-in procedure and to ignore seniority in making these call-ins. That Company action was therefore clearly violative of the express terms of Article V, Section II [sic] of the parties' contract.

App. 130; R. Doc.16-8, at 8. Arbitrator Hoh ordered the Company to "pay impacted employees back pay and lost benefits that they would have received but for the Company's improper action here," and to "cease and desist in its improper actions in this area." App. 130; R. Doc. 16-8, at 8.

## IV.  Procedural History.

On January 2, 2024, City Wide filed its Complaint with the district court. App. 1–6; R. Doc. 1.  On March 15, 2024, the Union filed its Answer and Counterclaim.  App. 7–14; R. Doc. 6.  On April 5, 2024, City Wide filed its Answer to the Union's Counterclaim.  App. 15–20; R. Doc. 9.  On June 10, 2024, both parties filed their Motions for Summary Judgment; the Union's Motion sought to have the district court enforce Arbitrator Hoh's Opinion and Award, and City Wide's Motion sought to have the district court overturn it.  App. 21–25; R. Doc. 15; R. Doc. 17.

On December 19, 2024, the district court denied City Wide's Motion for Summary Judgment and granted the Union's Motion for Summary Judgment.  App. 26–33; R. Doc. 23.  In so ruling, the district court reasoned that "[c]ourts asked to enforce or vacate labor arbitration awards are deferential to the arbitrator's analyses, interpretations of the CBA, law, and evidentiary and procedural rulings."  App. 28;

9

R. Doc. 23 at 3. The district court found that "the Arbitrator drew from the essence of the CBA and there is no indication that it comprised the arbitrator's brand of justice." App. 29; R. Doc. 23, at 4. Further, the district court stated, "[i]t is clear from the Arbitrator's opinion that he based his conclusion off the plain meaning of Article V, Section 11." App. 30; R. Doc. 23, at 5. The district court also reasoned that "the Arbitrator was fully briefed on City Wide's position as documented within the Arbitrator's opinion and award"—including City Wide's position that sustaining the grievance would require the Arbitrator impermissibly to amend or alter the CBA—and that it was the "arbitrator's construction [of the CBA] which was bargained for." App. 32–33; R. Doc. 23, at 7–8 (citation omitted).

The district court also entered its Judgment in the case on December 19, 2024. App. 34; R. Doc. 24. On January 21, 2025, City Wide timely filed its Notice of Appeal. R. Doc. 25.

## SUMMARY OF THE ARGUMENT

The district erred in enforcing Arbitrator Hoh's Opinion and Award. Although labor arbitration awards are entitled to a certain amount of deference, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, require reviewing courts to engage carefully—not just perfunctorily—with the arbitration award to determine whether it does, in fact, draw its essence from the contract or whether it

10

impermissibly amends, alters, or effectively rewrites the contract. Performing the type of careful review required by the LMRA, the FAA, and this Court's precedent leads inexorably to the conclusion that Arbitrator Hoh's Opinion and Award fails to draw its essence from the CBA and must be vacated.

The Opinion and Award fails to draw its essence from the contract because it ignores the plain meaning of the CBA. Arbitrator Hoh determined that the language in Article V, Section 11 of the CBA was clear and unambiguous. Yet collective bargaining agreements must be read as a whole—with terms read in the context of the entire agreement—to determine whether they are clear and unambiguous. Article V, Section 11—which uses the phrases "called in," "laid off," and "recalled"—must be read alongside Article V, Section 12—which uses the phrase "relieved from duty for the day." Those different phrases must be given different meanings in order for the language in Article V, Section 11 to be clear and unambiguous. And if Article V, Section 11 is clear and unambiguous, then interpreting it to sustain a grievance challenging the manner in which employees are relieved from duty for the day stretches its plain meaning beyond recognition. Such an "interpretation" alters, amends, and/or effectively rewrites the contractual provision.

Alternatively, if Article V, Section 11 is not clear and unambiguous, then the Opinion and Award fails to draw its essence from the CBA because Arbitrator Hoh

failed to interpret that ambiguous language to give effect to the parties' mutual intent. Where a CBA includes ambiguous language, an arbitrator may consider past practices and bargaining history to determine the parties' intent. The bargaining history resulting for the current CBA clearly demonstrates that the parties did not mutually intend for employees to be relieved from duty for the day in seniority order *except* in the limited circumstance set forth in Article V, Section 12. First, City Wide rejected multiple bargaining proposals put forward by the Union that would guarantee a minimum amount of hours for employees. Second, City Wide rejected another Union bargaining proposal that would have guaranteed employees being relieved from duty for the day in circumstances other than as agreed to in Article V, Section 12. Interpreting the language in Article V, Section 11 to require City Wide to relieve employees from duty for the day in circumstances other than as agreed to in Article V, Section 12 flies in the face of the parties' bargaining history and amends, alters, and/or effectively rewrites the provision. Not only does the Opinion and Award fail to draw its essence from the CBA, it also gives to the Union through arbitration that which the Union failed to secure at the bargaining table (in contravention of well-established, fundamental tenets of labor law).

Simply, Arbitrator Hoh's Opinion and Award fails to draw its essence from the CBA, and it was error for the district court to enforce it by granting the Union's Motion for Summary Judgment.

**ARGUMENT**

**I. The District Court Erred by Enforcing Arbitrator Hoh's Opinion and Award.**

### A. Standard of Review.

A "district court's denial of a motion to vacate an arbitration award is not entitled to any special deference on appeal." *Bureau of Engraving, Inc. v. Graphic Communications Int'l Union, Local 1B*, 164 F.3d 427, 429 (8th Cir. 1999) (quoting *Homestake Mining Co. v. United Steelworkers, Local 7044*, 153 F.3d 678, 680 (8th Cir. 1998)). This Court accepts the district court's findings of fact that are not clearly erroneous, and reviews conclusions of law *de novo*. *Id.*; *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers, Local 7-0159*, 309 F.3d 1075, 1080 (8th Cir. 2002);

### B. A Reviewing Court Must Vacate an Arbitration Award That Fails to Draw Its Essence from the Contract.

A labor arbitrator's award is granted deference, but it is not beyond review. Under Section 301 of the LMRA, 29 U.S.C. § 185, a reviewing federal court has the authority, *inter alia*, "to determine whether . . . the arbitrator had the power to make the award." *Excel Corp. v. United Food & Commercial Workers Local 431*, 102 F.3d 1464, 1467 (8th Cir. 1996). A labor arbitration award will be upheld "so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). However,

13

a reviewing court should "vacate an arbitrator award 'when the award does not derive its essence from the collective bargaining agreement, or when the arbitrator ignores the plain language of the contract." *Excel Corp.*, 102 F.3d at 1467 (quoting *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*, 80 F.3d 284, 287 (8th Cir. 1996)).

As the Supreme Court has recognized:

> [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. . . . [H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

*Enterprise Wheel*, 363 U.S. at 597. A labor arbitrator "is not free to ignore or abandon the plain language of the CBA, which would in effect amend or alter the agreement without authority." *Excel Corp.*, 102 F.3d at 1468. Rather, "[t]he parties agreed to the language and terms of the CBA and are bound by them," and "the arbitrator cannot amend the agreement or impose new obligations upon the parties." *Excel Corp.*, 102 F.3d at 1468.[2]

A labor arbitration award must be set aside if it is "completely irrational" or "evidence[s] a manifest disregard for the law." *Boise Cascade Corp.*, 309 F.3d at

---

[2] The parties' CBA empowers an arbitrator only to "construe" the CBA and forbids him from changing it. App. 45; R. Doc. 16-2, at 4.

1080 (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001)). An award is "irrational where it fails to draw its essence from the agreement"; it "manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." *Id.* (quoting *Hoffman*, 236 F.3d at 461–62). Likewise, an award must be vacated where the arbitrator's interpretation of the CBA "so directly contradicts the plain meaning of the parties' agreement that it effectively rewrites it." *Id.* at 1081.

Analyzing a collective bargaining agreement is plainly a task for an arbitrator, because "[i]t is the arbitrator's construction which was bargained for." *Enterprise Wheel*, 363 U.S. at 599. But "an arbitrator's authority to issue an award is not unlimited." *Alcan Packaging Co. v. Graphic Communication Conf., Int'l Bhd. of Teamsters & Local Union No. 77-P*, 729 F.3d 839, 843 (8th Cir. 2013), *as corrected* Oct. 30, 2013) (Gruender, J., dissenting). Carefully analyzing the language of a collective bargaining agreement is also plainly a task for a court reviewing an arbitrator's award. Without analyzing the language of the CBA, a reviewing court could not ascertain whether an arbitral award "draws it essence from the [CBA]," or whether it instead reflects the dispensation of the arbitrator's "own brand of industrial justice." *Enterprise Wheel*, 363 U.S. at 597. The court could not determine whether the arbitrator "ignore[d] or abandon[ed] the plain language of the CBA, which would in effect amend or alter the agreement without authority," *Excel*

15

*Corp.*, 102 F.3d at 1468, whether the arbitrator "amend[ed] the agreement or impose[d] new obligations upon the parties," *id.*, or whether the arbitrator's interpretation "so directly contradicts the plain meaning of the parties' agreement that it effectively rewrites it," *Boise Cascade Corp.*, 309 F.3d at 1081. When a reviewing court determines that an arbitrator has done *any* of these things, the remedy is to vacate the arbitrator's award as failing to draw its essence from the contract.

Judicial deference "does not grant carte blanche approval to any decision an arbitrator might make." *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers*, 913 F.2d 544, 559–60 (8th Cir. 1990) (quoting *Piggly Wiggly Operators' Whse. v. Piggly Wiggly Operators' Whse. Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980)). Rather, where "a court concludes that the arbitrator did not stay within the bounds of his authority, this principle of deference inevitably gives way . . . to the greater principle that *an award not drawing its essence from the agreement is not entitled to judicial enforcement*." *Id.* (emphasis added) (quoting *Centralab v. Local No. 816, Int'l Union of Elec. Workers*, 827 F.2d 1210, 1217 (8th Cir. 1987)).

As set forth below, Arbitrator Hoh's Opinion and Award ignores the plain language of the CBA; impermissibly altered, amended, and/or rewrote the parties' CBA; and failed to give effect to the parties' mutual intent. The district court

16

therefore erred by concluding that the Opinion and Award draws its essence from the contract and by entering a judgment judicially enforcing it.

## II. Arbitrator Hoh's Opinion and Award Fails to Draw Its Essence from the Contract Because It Ignores the Plain Language of the CBA.

An arbitrator "may not ignore the plain language of the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Nor may an arbitrator "interpret[] unambiguous language in any way different from its plain meaning." *Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir. 1988). When an arbitrator does so, the arbitrator impermissibly "amends or alters the agreement and acts without authority." *Id.* Yet that is precisely what Arbitrator Hoh did in the Opinion and Award.

Arbitrator Hoh determined that the language in Article V, Section 11 of the CBA was clear and unambiguous. The Opinion and Award refers to the provision as "clear[] and undisputed[]," a "clear and basic contract provision," and a "clear contractual requirement." App. 129; R. Doc. 16-8, at 7. But this provision cannot be read in isolation. To the contrary, this Court has held that "[c]ollective bargaining agreements . . . are to be construed as a whole *with the terms read in the context of the entire agreement*." *PSC Custom, LP v. United Steelworkers Int'l Union, Local No. 11-770*, 763 F.3d 1005, 1009 (8th Cir. 2014) (citation omitted) (emphasis added); *Sheet Metal Workers Int'l Ass'n, Local No. 3 v. Lozier Corp.*, 255 F.3d 549, 551 (8th Cir. 2001) ("'In interpreting a collective bargaining agreement . . . we must

construe the contract as a whole,' . . . and read the terms of the agreement 'in their context.'" (citations omitted). The language in Article V, Section 11 thus must be read alongside the language in Article V, Section 12 in order to be construed in the proper context of the entire agreement.

Reading those provisions together reveals that the CBA uses two different phrases—"laid off" and "relieved from duty for the day"—in two different provisions to refer to two different concepts. A "lay off" is "[t]he termination of employment at the employer's instigation, usu. through no fault of the employee; esp. the termination—either temporary or permanent—of many employees in a short time for financial reasons." *Layoff*, *Black's Law Dictionary* (11th ed. 2019). That concept is plainly distinct from the concept captured by "relieved from duty for the day," which refers to employees being released from their job duties after completing their work on a particular workday.

The sole issue raised by the grievance filed by the Union on August 18, 2022 was the Company "releasing drivers from duty for the day out of seniority order." App. 49; R. Doc. 16-4. Yet the only provision in the CBA that addresses employees being relieved from duty for the day is Article V, Section 12, which was newly added in 2022. Article V, Section 12 states:

> Employees assigned to a particular plant normally will be based at that plant, but situations may arise that make it necessary or desirable for efficiency or other business reasons to switch employees from one plant to another for one or several loads. The Company maintains the right

18

to determine when this is necessary, but agrees that such switching will not occur with the intent of denying work to a senior employee. *It is also agreed that employees who are switched at work at or from a plant other than their home plant shall be the first employees relieved from duty for the day at the other plant.*

App. 46; R. 16-2, at 5 (emphasis added). This provision only applies to instances where the Company requires an employee to work away from their home plant; it does not apply to the Company relieving drivers from duty for the day generally. App. 46, 99; R. Doc. 16-2, at 5; R. Doc. 16-1, at 50.

In the Opinion and Award, Arbitrator Hoh failed altogether to analyze or apply the only language in the CBA regarding when employees are "relieved from duty for the day" to rule on a grievance complaining about the manner in which the Company "releas[ed] drivers from duty for the day." Rather, after mentioning in passing the Company's ability to switch employees from one plant to another, Arbitrator Hoh simply quotes from Article V, Section 11 to resolve the grievance:

> While the Company is correct that under Article V, Section II it may determine that it is necessary or desirable to switch employees from one plant to another, that right has nothing to do with the other clear terms of Section II, which require via the use of the word "will" that drivers "*will* be called in, laid off and recalled according to seniority."[3]

App. 129–30; R. Doc. 16-8, at 7–8 (emphasis in original).

---

[3] The language in quotation marks in the Opinion and Award is not a direct quote from the CBA. Rather, Article V, Section 11 of the CBA reads: "All drivers will be called in according to seniority and will be laid off and recalled according to seniority." App. 46; R. Doc. 16-2, at 5.

19

The Opinion and Award thus relied on Article V, Section 11—which contains language only regarding employees being "called in," "laid off," or "recalled"—to resolve a grievance regarding employees being "releas[ed] from duty for the day." The plain language of Article V, Section 11 does not include "relieved from duty for the day." The parties also did not intend for Article V, Section 11 to include that language since they did not amend that provision during their negotiations, despite elsewhere adding language regarding relief from duty for the day.

The Opinion and Award therefore ignores the plain language of the CBA. It ignores the plain language of Article V, Section 12, which requires employees to be relieved from duty for the day without regard to seniority only where an employee works away from his home plant. More importantly, it ignores the plain language in Article V, Section 11 that, despite being the operative language in the Opinion and Award, omits any reference to employees being "relieved from duty for the day." Further, it ignores the difference in meaning that exists between the phrases "laid off" and "relieved from duty for the day." It is beyond dispute that the parties intended "laid off" and "relieved from duty for the day" to have different meanings. These two different phrases must be read in harmony to give meaning to each. *See, e.g.*, *Axis Surplus Ins. Co. v. TriStar Cos., LLC*, 94 F.4th 767, 769–70 (8th Cir. 2024) ("A construction which attributes a reasonable meaning to all the provisions of the agreement is preferred to one which leaves some of the provisions without function

or sense." (quoting *Brazil v. Auto Owners Ins. Co.*, 3 F.4th 1040, 1042 (8th Cir. 2021)); *cf. Smart Communications Collier Inc. v. Pope County Sheriff's Office*, 5 F.4th 895, 899 (8th Cir. 2021) (noting *statutory* canons of interpretation regarding giving meaning to different words).

Construing "laid off" to mean "relieved from the duty for the day"—particularly where the CBA elsewhere uses the phrase "relieved from duty for the day"—is not an "interpretation" of the contract. It is an amendment to the contract, and it alters its meaning. It effectively rewrites Article V, Section 11 by adding language to it that imposes new obligations on City Wide—namely, to relieve employees from duty for the day in seniority order—all in contravention of this Court's precedent. *Excel Corp.*, 102 F.3d at 1468 (prohibiting arbitrators from "effect[ively] amend[ing] or alter[ing] the agreement without authority" or "impos[ing] new obligations upon the parties"); *Boise Cascade Corp.*, 309 F.3d at 1081 (prohibiting arbitrators from "so directly contradict[ing] the plain meaning of the parties' agreement that it effectively rewrites it").

The only way to reach the Opinion and Award's conclusion would be to rewrite Article V, Section 11 as follows (with new language <u>underlined</u>):

> All drivers will be called in according to seniority and will be laid off<u>,</u> <u>relieved from duty for the day,</u> and recalled according to seniority.

21

Because such a rewrite goes beyond Arbitrator Hoh's authority to "construe" the CBA, his Opinion and Award fails to draw its essence from the contract and must be vacated.

### III. Arbitrator Hoh's Opinion and Award Fails to Draw Its Essence from the Contract Because It Does Not Give Effect to the Parties' Mutual Intent.

If it were determined that Article V, Section 11 of the CBA is not clear and unambiguous language, Arbitrator Hoh's Opinion and Award nevertheless fails to draw its essence from the CBA because he failed to interpret ambiguous language so as to give effect to the parties' mutual intent. It is well-established that "[t]he essence of the CBA is derived not only from its express provisions, but also from the industrial common law." *Bureau of Engraving, Inc.*, 164 F.3d at 429 (citation omitted). That industrial common law includes not only "the past practices of the industry and the shop," but also "the parties' negotiating history and other extrinsic evidence of their intent." *Id.* (citations omitted). Indeed, "[i]f an arbitrator attempts to interpret a written agreement that is silent or ambiguous without considering the parties' intent, his award will fail to draw its essence from the CBA." *Id.* (citations omitted).; *Clinchfield Coal Co. v. Dist. 28, United Mine Workers*, 720 F.2d 1365, 1369 (4th Cir. 1983) ("Where, as here, the arbitrator fails to discuss critical contract terminology, which terminology might reasonably require an opposite result, the award cannot be considered to draw its essence from the contract.") (cited by *Boise Cascade Corp.*, 309 F.3d at 1083 n.7).

Appellate Case: 25-1142    Page: 29    Date Filed: 03/12/2025 Entry ID: 5494895

Arbitrator Hoh arguably rendered Article V, Section 11—in particular the phrase "laid off"—ambiguous. The Opinion and Award "construes" that phrase to mean "relieved from duty for the day" despite the fact that the parties used the phrase "relieved from duty for the day" in the very next section. Thus, Arbitrator Hoh was obligated to interpret Article V, Section 11 in a manner that would consider the parties' mutual intent in light of their past practices and bargaining history. He failed to do so.

It is undisputed that the Union sought—and failed—to secure various provisions added to the CBA through negotiations in July 2022. The Union attempted to negotiate into the CBA guaranteed minimum hours for employees, and City Wide rejected those proposals. App. 92–94; R. Doc. 16-1, at 43–45; *see also* R. Doc. 18-4, at 2, 5–6. Thereafter, on July 8, 2022, the Union proposed to add the following language to the parties' CBA:

> When working Saturday or Sunday, Drivers will be relieved from duty by inverse *Company* seniority; except that a Driver may exercise his seniority to be relieved before Drivers with less *Company* seniority.

App. 96–97; R. Doc. 16-1 at 47–48; *see also* R. Doc. 18-5, at 4. It is undisputed that the Company rejected this proposal, and thereby rejected writing into the CBA any contractual guarantee that employees would be relieved from duty for the day only via seniority beyond the limited circumstance set forth in Article V, Section 12. Yet in the Opinion and Award, Arbitrator Hoh undoubtedly "construed" the CBA to

23

require City Wide to relieve employees from duty for the day beyond the limited circumstance for which the parties successfully bargained. In doing so, he impermissibly rewrote the CBA in a manner directly contrary to the mutual intent of the parties.

Furthermore, Arbitrator Hoh impermissibly gave to the Union through arbitration that which the Union tried—and failed—to secure through collective bargaining. Namely, this alteration to the CBA obligates City Wide to relieve employees from duty for the day in circumstances beyond what the parties agreed to. It is a fundamental tenet of labor law that a union "cannot gain through arbitration what it could not acquire through negotiation." *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 530 (4th Cir. 2000); *see Bureau of Engraving, Inc.*, 164 F.3d at 430 ("Because this evidence shows that the Bureau did not anticipate a monetary award for breach of the overtime provisions, we conclude that the awards were not within the contemplation of the parties and, therefore, not implicitly authorized by the CBA."). Yet that is precisely what occurred in the proceeding before Arbitrator Hoh. The Opinion and Award gives to the Union precisely what it unsuccessfully attempted to achieve through bargaining. In interpreting the CBA as it has, the Opinion and Award fails to draw its essence from the CBA. Consequently, the Opinion and Award must be vacated.

24

## CONCLUSION

Arbitrator Hoh's Opinion and Award fails to draw its essence from the parties' CBA. Arbitrator Hoh ignored the plain meaning of the CBA. He either amended Article V, Section 11 to include relief from duty into that provision, or he incorporated into the CBA language that the Union had requested at the bargaining table that City Wide rejected. Either way, Arbitrator Hoh did not simply "construe" the CBA, he changed it. He rewrote it, and in doing so he not only effected his own brand of industrial justice, he also gave to the Union through arbitration that which it failed to secure at the bargaining table, all in contravention of well-established, fundamental tenets of labor law.

The district court erred in granting summary judgment for the Union, which resulted in enforcing Arbitrator Hoh's Opinion and Award. In granting summary judgment for the Union, the district court failed to comply with this Court's precedent requiring vacatur of an arbitration award that ignores the plain language of the CBA, amends the CBA, imposes new obligations on the parties, and/or effectively rewrites the CBA.

For these reasons, City Wide respectfully requests that this Court reverse the district court' Judgment and Order, vacate Arbitrator Hoh's Opinion and Award, dismiss the Union's counterclaim, and award such other relief as may be just and proper.

DATE: March 10, 2025

Respectfully submitted,

**STINSON LLP**

/s/Grant E. Mulkey
Grant E. Mulkey
Missouri Bar No. 74450
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: 816.691.3203
Facsimile: 816.412.8124
grant.mulkey@stinson.com

*Attorney for Plaintiff-Appellant City Wide
Construction Products, LLC*

26

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the Court's CM/ECF system on March 10, 2025. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

DATE: March 10, 2025

*/s/ Grant E. Mulkey*
Grant E. Mulkey

Appellate Case: 25-1142    Page: 34    Date Filed: 03/12/2025 Entry ID: 5494895