**25-1142**

**United States Court of Appeals for the Eighth Circuit**

CITY WIDE CONSTRUCTION PRODUCTS COMPANY
*Plaintiff-Appellant,*

*v.*

TEAMSTERS LOCAL UNION NO. 245
*Defendant-Appellee*

On Appeal from the United States District Court for the
Western District of Missouri

**APPELLEE'S BRIEF**

**BLAKE & UHLIG, P.A.**
Michael E. Amash, MO # 58478
Marisa B. Gates, MO # 76087
6803 West 64th Street, Suite 300
Overland Park, Kansas 66202
(913) 321-8884 (ph.)
(913) 321-2396 (fax)
mea@blake-uhlig.com
mbg@blake-uhlig.com
ATTORNEYS FOR THE UNION

# SUMMARY OF THE CASE

Plaintiff-Appellant City Wide Construction Products, LLC (the "Company") filed this suit to vacate the labor arbitration award of Arbitrator Ronald Hoh ("Arbitrator Hoh") issued on October 7, 2023. Arbitrator Hoh was granted broad authority to interpret the collective bargaining agreement (the "Agreement"), bargained for by both parties. The Agreement expressly provides that "[t]he arbitrator shall have the right to construe the Agreement … The decision of the arbitrator shall be final and binding upon both parties." Arbitrator Hoh rendered a decision well within his broad authority and found for the Union. In his decision, Arbitrator Hoh illustrated his reasoning by analyzing the plain language of the Agreement.

Upon its loss, the Company appealed to the district court, where it again was unsuccessful. The district court ruled in favor of the Union and enforced Arbitrator Hoh's award. The Company appealed to this Court in another attempt to vacate Arbitrator Hoh's award in favor of the Union.

The Company has presented the same arguments in this matter in now three difference venues – the arbitration hearing, the district court, and now this Court. As such, there is no reason that this case merits oral argument, as the Company has already gotten three opportunities to argue its case and put forth identical arguments. As such, the Union respectfully requests that this Court not allow oral arguments.

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES ................................................................................. 1

STATEMENT OF THE CASE ............................................................................ 1

I.   The Parties and their Bargaining Relationship .......................................... 1

II.  The Filing of the Greivance ...................................................................... 2

III. The Arbitration Hearing ............................................................................ 4

IV.  The Company's Suit to Vacate Arbitrator Hoh's Award ........................... 5

SUMMARY OF THE ARGUMENT .................................................................. 7

ARGUMENT .................................................................................................... 8

I.   Standard of Review .................................................................................. 8

II.  Arbitrator Hoh's Opinion Draws its Essence from the Contract. ............ 10

   a. Arbitrator Hoh's Opinion is Derived from the Plain Language of the
      Agreement. ......................................................................................... 10

   b. The Company Invites this Court to Violate its Precedent and Ignore the
      Collective Bargaining Agreement. ....................................................... 15

III. The Company has Waived any Argument that Article V, Section 11 of the
     Agreement is Ambiguous. ......................................................................... 19

CONCLUSION ............................................................................................... 20

Appellate Case: 25-1142    Page: 3    Date Filed: 04/17/2025 Entry ID: 5507430

# TABLE OF AUTHORITIES

**Cases**

*Alcan Packaging Co. v. Graphic Commc'n Conf.,*
*Int'l Bhd. of Teamsters & Loc. Union No. 77-P,*
   729 F.3d 839 (8th Cir. 2013), *as corrected* (Oct. 30, 2013). .............. 1, 12, 13, 19

*Associated Elec. Co-op., Inc. v. Int'l Bhd. of Elec. Workers, Loc. No. 53,*
   751 F.3d 898 (8th Cir. 2014), *as corrected* (May 30, 2014)................................14

*Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n,*
   307 F.3d 737 (8th Cir. 2002)...........................................................................9, 17

*Boehringer Ingelheim Vetmedica, Inc. v. United Food & Com. Workers,*
   739 F.3d 1136 (8th Cir. 2014)....................................................................... 19, 20

*Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers*
*(PACE), Local 7-0159,*
   309 F.3d 1075 (8th Cir. 2002)...............................................................................10

*Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B,*
   284 F.3d 821 (8th Cir. 2002)...................................................................................9

*Coca–Cola Bottling Co. v. Teamsters Local Union No. 688,*
   959 F.2d 1438 (8th Cir.), *cert. denied,*
   506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992) ......................................17

*Dallas & Mavis Forwarding Co. v. Gen. Drivers,*
   972 F.2d 129 (6th Cir. 1992), *cert. denied,* 506 U.S. 1051 (1993). .............. 10, 15

*Dean v. Sullivan,*
   118 F.2d 1170 (7th Cir. 1997)...............................................................................20

*Entergy Operations, Inc. v. United Gov't Sec. Officers of Am. Int'l Union,*
   856 F.3d 561 (8th Cir. 2017)...............................................................................1, 9

*Excel Corp. v. United Food & Com. Workers Int'l Union, Loc. 431*
   102 F.3d 1464 (8th Cir. 1996)....................................................................... 17, 18

*Gas Aggregation Servs. v. Howard Avista Energy, LLC,*
   319 F.3d 1060 (8th Cir.2003)..............................................................................8, 9

iii

Appellate Case: 25-1142    Page: 4    Date Filed: 04/17/2025 Entry ID: 5507430

*Gragg v. Astrue,*
   615 F.3d 932 (8th Cir. 2010) ...............................................................20

*Indus. Steel Constr., Inc. v. Lunda Constr. Co.,*
   33 F.4th 1038 (8th Cir. 2022) .............................................................11

*Manion v. Nagin,*
   392 F.3d 294 (8th Cir. 2004) .................................................................8

*McGrann v. First Albany Corp.,*
   424 F.3d 743 (8th Cir. 2005) ...............................................................19

*Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.,*
   614 F.3d 485 (8th Cir. 2010) ...............................................................19

*Resilient Floor and Decorative Covering Workers, Local Union 1179 v.*
   *Welco Mfg. Co.,*
   542 F.2d 1029 (8th Cir. 1976) ...............................................................9

*SBC Advanced Sols., Inc. v. Commc'ns Workers of Am., Dist. 6,*
   794 F.3d 1020 (8th Cir. 2015). ..................................................... 1, 9, 17

*Stark v. Sandberg, Phoenix, & von Gontard, P.C.,*
   381 F.3d 793 (8th Cir. 2004) ............................................................9, 16

*United Food & Com. Workers, Local No. 222, AFL-CIO v.*
   *Iowa Beef Processors, Inc.,*
   683 F.2d 283 (8th Cir. 1982) ...............................................................10

*United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,*
   484 U.S. 29 (1987). ...........................................................................1, 12

*United Steelworkers of Am. v. Am. Mfg. Co.,*
   363 U.S. 564 (1960) .................................................................... 13, 15

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.,*
   363 U.S. 593 (1960) ...............................................................................10

*WM Crittenden Operations, LLC v. United Food & Com. Workers,*
   *Loc. Union 1529 On behalf of Brooks,*
   9 F.4th 732 (8th Cir. 2021) ...................................................................12

**Other Authorities**

Appellate Case: 25-1142     Page: 5     Date Filed: 04/17/2025 Entry ID: 5507430

Elkouri & Elkouri, *How Arbitration Works*, 13-166 (7th ed. 2012) ......................14

Appellate Case: 25-1142    Page: 6    Date Filed: 04/17/2025 Entry ID: 5507430

## STATEMENT OF ISSUES

1. Has the Company shown that Arbitrator Hoh exceeded his authority when issuing his award in this matter?

   - *Entergy Operations, Inc. v. United Gov't Sec. Officers of Am. Int'l Union*, 856 F.3d 561 (8th Cir. 2017).

   - *Alcan Packaging Co. v. Graphic Commc'n Conf., Int'l Bhd. of Teamsters & Loc. Union No. 77-P*, 729 F.3d 839 (8th Cir. 2013), *as corrected* (Oct. 30, 2013).

   - *SBC Advanced Sols., Inc. v. Commc'ns Workers of Am., Dist. 6*, 794 F.3d 1020 (8th Cir. 2015).

   - *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29 (1987).

## STATEMENT OF THE CASE

### I.     The Parties and their Bargaining Relationship.

The Union has been the exclusive bargaining representative of the Company's bargaining unit consisting of ready-mix truck drivers for several decades. App. 054; R. Doc. 16-1, at 5. The Union and the Company (collectively the "Parties") are signatory to a collective bargaining agreement (the "Agreement" or "CBA") effective from July 30, 2022, until July 30, 2025. App. 042; R. Doc. 16-1, at 1.

1

Article IV of the Agreement provides for a grievance and arbitration procedure. App. 044-045; R. Doc. 16-2, at 3-4. Article IV, Section 4 of the Agreement states that "The arbitrator shall have the right to construe the Agreement, but not to change same." *Id*. Article IV, Section 4 of the Agreement states that "The decision of the arbitrator shall be final and binding upon both parties." *Id.* Article V, Section 11 of the Agreement states that "All drivers will be called in according to seniority and will be laid off and recalled according to seniority." App. 046; R. Doc. 16-2, at 5. Article V, Section 12 of the Agreement states:

> Employees assigned to a particular plant normally will be based at that plant, but situations may arise that make it necessary or desirable for efficiency or other business reasons to switch employees from one plant to another for one or several loads. The Company maintains the right to determine when this is necessary, but agrees that such switching will not occur with the intent of denying work to a senior employee. It is also agreed that employees who are switched to work at or from a plant other than their home plant shall be the first employees relieved from duty for the day at the other plant.

*Id*. After a period of bargaining, the Parties entered into the current collective bargaining agreement on August 16, 2022. App. 048; R. Doc. 16-2, at 7. Article V, Section 11 of the Agreement remained the same between the past agreement and the current agreement. App. 40; R. Doc. 16-3, at 6.

## II.    The Filing of the Greivance

During the arbitration hearing, the Union provided testimony that the delivery assignments were distributed to the drivers by "top-down seniority" at the beginning

2

of the workday for over 20 years, meaning that drivers with the most seniority were the first to receive their assignments. App. 065; R. Doc. 16-1, at 16. The Union provided testimony during the hearing that additional assignments were also distributed by "top-down seniority." App. 066; R. Doc. 16-1, at 17.

The Union provided further testimony that if no driver accepted the additional assignments, the drivers were required to take the additional assignments in "bottom-up seniority," meaning that the least senior employee was required to take the assignment. *Id.* On or about August 18, 2022, the Union filed a grievance concerning the release of drivers without respect to seniority (the "Grievance"). App. 049; R. Doc. 16-4, at 1.

The Grievance stated:

> The company unilaterally began releasing drivers from duty for the day out of seniority order as early as Friday, August 12, 2022. This is a circumvention of seniority and long established dispatch protocol and as such it is a violation of our collective bargaining agreement. I request the Company cease releasing drivers from duty out of seniority order. I request the Company make all affected drivers whole by compensating each of them what they would have earned (including overtime) had they been retained and or released by seniority order beginning August 12, 2022 and continuing daily until such time that the practice ceases.

*Id.* The Grievance submitted by the Union was not resolved to the mutual satisfaction of both Parties during the preliminary steps of the grievance procedure. Accordingly, the Union advanced the Grievance to arbitration pursuant to the grievance and arbitration procedure set forth in Article IV of the Agreement. App. 045; R. Doc. 16-

2, at 4. The Parties subsequently agreed to submit the Grievance to a neutral arbitrator. The Parties selected Arbitrator Ronald Hoh to arbitrate the Grievance using the alternating strike process set forth in Article IV, Section 4 of the Agreement. *Id.*

### III.    The Arbitration Hearing

The arbitration hearing was held on June 7, 2023. App. 051; R. Doc. 16-1, at 2. Representatives of both parties appeared at the hearing to present evidence concerning the Grievance on behalf of their respective parties. App. 050-051; R. Doc. 16-1, at 1-2. While the Parties disagreed as to the Statement of the Issue of the case, the Parties stipulated that there were no procedural issues that would bar the Arbitrator from ruling on the merits. App. 053; R. Doc. 16-1, at 4. At the arbitration hearing, the Union submitted the issue of the case was "whether the [C]ompany violated the collective bargaining agreement when it eliminated the seniority system for daily driver layoff and recall" and, if so, what should the remedy be?" App. 052; R. Doc. 16-1, at 3.

Also at the arbitration hearing, the Company submitted that the issue of the case was "Whether the Union can meet its burden of proving that the company should guarantee hours … to employees over and above … those negotiated guarantees … stated in Article 2 Section 6 of the collective bargaining agreement." App. 053; R. Doc. 16-1, at 4. Both the Union and Company submitted post-hearing

4

briefs to the Arbitrator. On October 7, 2023, the Arbitrator issued a written decision and award. App. 123; R. Doc 16-8, at 1. The Arbitrator framed the issue of the case as whether "the Company violate[d] the parties' contract concerning the circumstances of this case? If so, what shall the remedy be?" App. 124; R. Doc. 16-8, at 2.

In his decision, the Arbitrator found that "[i]n these circumstances, Article V, Section [11] of the contract clearly and undisputedly provides that all drivers '... will be ... called (into work) according to seniority,' as well as laid off and recalled by seniority." App. 129; R. Doc. 16-8, at 7. Thus, the Arbitrator held that, "given the strength of the contractual terms involved in this area, the Company does not have the right to change its call-in procedure and to ignore seniority in making these call-ins. That Company action was therefore clearly violative of the express terms of Article V, Section [11] of the parties' contract." App. 130; R. Doc. 16-8, at 8. The Arbitrator concluded that the Company violated the Parties' contract in the circumstances of this case and, as a remedy, the Company should pay employees impacted by the change backpay and lost benefits and cease and desist its improper actions. *Id.*

## IV. The Company's Suit to Vacate Arbitrator Hoh's Award

The Company filed this suit on January 2, 2024. App. 001; R. Doc. 1, at 1. In its Complaint, the Company requested that the district court vacate Arbitrator Hoh's

5

award, alleging that Arbitrator Hoh's award evidenced a manifest disregard of the terms of the Agreement, ignored the plain language of the Agreement, failed to draw its essence from the Agreement, was based on an impermissible addition to and/or modification of the Agreement, and Arbitrator Hoh exceeded his power in rendering his decision. App. 005; R. Doc. 1, at 5. In response, the Union filed a counterclaim asking the district court to enforce Arbitrator Hoh's award on March 15, 2024. App. 012; R. Doc. 6, at 6. Both parties filed motions for summary judgment on June 10, 2024. App. 021; App. 024; R. Doc. 15, at 1; R. Doc. 17, at 1.

The Western District of Missouri issued an Order granting the Union's motion for summary judgment and affirming Arbitrator Hoh's award on December 19, 2024. App. 033; R. Doc. 23, at 8. The district court noted the extremely narrow review afforded to courts when reviewing an arbitration award. App. 028-029; R. Doc. 23, at 3-4. The court conclusively found that Arbitrator Hoh "drew from the essence of the CBA and there is no indication that [the award] comprised the arbitrator's brand of justice …. It is clear from the Arbitrator's opinion that he based his conclusion off the plain meaning of Article V, Section 11." App. 029-030; R. Doc. 23, at 4-5.

In dismissing the Company's argument that Arbitrator Hoh's award impermissibly adds to or modifies the Agreement, the district court noted that "[t]he Arbitrator construed the agreement to mean all drivers will be called in and recalled

6

according to seniority. The question of interpretation of the collective bargaining agreement is a question for the arbitrator." App. 032; R. Doc. 23, at 7. The district court accordingly entered a judgment enforcing Arbitrator Hoh's award on December 19, 2024. App. 034; R. Doc. 24, at 1. The Company filed this appeal on January 21, 2025.

## SUMMARY OF THE ARGUMENT

The district court properly rejected the Company's petition to vacate Arbitrator Hoh's arbitration award. The Agreement between the parties grants arbitrators with broad authority to "construe the Agreement" and provides that their decisions are "final and binding." Arbitrator Hoh's award is based solely on the plain language of the Agreement and clearly illustrates his interpretive route in finding that the plain language of the Agreement mandated that the Company call in, lay off, and recall drivers by seniority. Arbitrator Hoh's award plainly draws its essence from the Agreement. The extremely narrow review allotted to courts when reviewing arbitration awards mandates that Arbitrator Hoh's award must be upheld.

The Company primarily takes issue with Arbitrator Hoh's interpretation of the word "layoff." However, the parties bargained for the interpretation of the Agreement by arbitrators and the binding nature of their decisions. The parties mutually selected Arbitrator Hoh to hear this matter. The Company may not now attempt to evade the interpretation of the Agreement that both parties bargained for.

Arbitrator Hoh's interpretation is supported by firmly established arbitral precedent. As Arbitrator Hoh had the "right to construe the Agreement," he was well within the bounds of authority to interpret the Agreement, including the term "layoff," as he did.

Further, even assuming *arguendo* that Arbitrator Hoh misinterpreted the word "layoff," such a mistake would not justify vacatuer of his award under the narrow standard of review permitted to federal courts. Arbitrator Hoh was clearly interpreting the Agreement, and thus his award must stand. As such, this Court should affirm the district court's ruling confirming Arbitrator Hoh's award.

## ARGUMENT

### I. Standard of Review

An appellate court reviews the district court's findings of fact supporting its confirmation of an arbitration award for clear error and its legal conclusions *de novo. Manion v. Nagin*, 392 F.3d 294, 298 (8th Cir. 2004). "Our review of the underlying arbitration award, though, is 'very limited.'" *Id.* (citing *Gas Aggregation Servs. v. Howard Avista Energy, LLC,* 319 F.3d 1060, 1064 (8th Cir.2003)).

When reviewing an arbitral award, courts accord "an extraordinary level of deference" to the underlying award itself, because federal courts are not authorized to reconsider the merits of an arbitral award "even though the parties may allege that

8

the award rests on errors of fact or on misinterpretation of the contract." *Stark v. Sandberg, Phoenix, & von Gontard, P.C.,* 381 F.3d 793, 798 (8th Cir. 2004) (citing *Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*, 284 F.3d 821, 824 (8th Cir. 2002)). A court "may not set an award aside simply because [it] might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts." *SBC Advanced Sols., Inc. v. Commc'ns Workers of Am., Dist. 6*, 794 F.3d 1020, 1027 (8th Cir. 2015).

This Court has noted that "our scope of review of the arbitration award itself is among the narrowest known to the law." *Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n,* 307 F.3d 737, 739 (8th Cir. 2002). If the arbitrator is arguably construing or applying the arbitration contract and acting within the scope of his authority, the Court must uphold the award "[e]ven if the court is convinced that the arbitrator committed serious error." *Gas Aggregation Servs.,* 319 F.3d at 1064. A party making the argument that an arbitrator exceeded their authority "bears a heavy burden." *Entergy Operations, Inc. v. United Gov't Sec. Officers of Am. Int'l Union*, 856 F.3d 561, 566 (8th Cir. 2017).

In determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts being resolved in favor of the arbitrator's authority. *Resilient Floor and Decorative Covering Workers, Local Union 1179 v. Welco Mfg. Co.,* 542 F.2d 1029, 1032 (8th Cir. 1976). A reviewing

court must uphold an arbitrator's award so long as it "draws its essence" from the collective bargaining agreement. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97, (1960); *United Food & Com. Workers, Local No. 222, AFL-CIO v. Iowa Beef Processors, Inc.*, 683 F.2d 283, 285 (8th Cir. 1982). An award draws its essence from the parties' agreement if "it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE), Local 7-0159*, 309 F.3d 1075, 1080 (8th Cir. 2002) (quotation omitted). Quite simply, "'[w]hen the grievance procedure has been exhausted, the courts have nothing left to do but enforce the award.'" *Dallas & Mavis Forwarding Co. v. Gen. Drivers*, 972 F.2d 129, 134 (6th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993).

## II.   Arbitrator Hoh's Opinion Draws its Essence from the Contract.

### a.   Arbitrator Hoh's Opinion is Derived from the Plain Language of the Agreement.

As confirmed by the district court, it is clear that Arbitrator Hoh's award "draws its essence" from the Agreement between the Parties. Under Article IV, Section 4 of the Agreement, an arbitrator has "the right to construe the Agreement." App. 045; R. Doc. 16-2, at 4. This broad authority was bargained for and agreed upon by both the Company and the Union. In interpreting the Agreement, an arbitrator's decision is to be final and binding. *Id*. As found by Arbitrator Hoh in the

10

instant case, "Article V, Section [11] of the contract clearly and undisputedly provides that all drivers '... will be ... called [into work] according to seniority,' as well as laid off and recalled by seniority." App. 129; R. Doc. 16-8, at 7. In finding that the "clear and basic contract provision" required the call in and lay off procedure to be done by seniority, Arbitrator Hoh pointed to the use of the word "will", noting its dispositive use in the plain language of the provision. App. 130; R. Doc. 16-8, at 8.

As Arbitrator Hoh noted, "When the contract language is clear and unambiguous, the arbitrator is to give effect to those provisions without examination of any element other than that contract language." App. 129; R. Doc. 16-8, at 7. Arbitrator Hoh found that Article V, Section 11 of the Agreement was clear and unambiguous. *Id*. Because of this, Arbitrator Hoh did not consider any additional evidence other than the plain language of the Agreement in his interpretation of the Agreement. Arbitrator Hoh found in favor of the Union based solely on the "clear and basic" language of Article V, Section 11 of the Agreement. Thus, the Arbitrator's award draws its essence from nothing but the plain language of the Agreement between the Parties, which was well within the Arbitrator's authority to interpret.

Arbitrator Hoh's resulting award illustrates the clear "interpretive route" from the language of the Agreement to his conclusion. *Indus. Steel Constr., Inc. v. Lunda*

*Constr. Co.*, 33 F.4th 1038, 1042 (8th Cir. 2022) ("Where the reasoning of the final award provides 'an interpretive route' from the contract to the arbitrator's conclusion, the district court may not vacate or modify the award, even if the district court disagrees with the arbitrator's ultimate conclusion."). Because this Court may not reconsider the merits of Arbitrator Hoh's award, this Court must uphold the district court's confirmation of Arbitrator Hoh's award. *United Paperworkers Int'l Union*, 484 U.S. at 36.

After failing to present a persuasive case at arbitration and in front of the district court, the Company would like to use this Court to get a third bite of the apple at arbitrating this case. The Company plainly asks this Court to re-interpret the language of the collective bargaining agreement between the parties. This, however, is manifestly outside of the boundaries of the Court's consideration, boundaries that have long been established and reaffirmed by this Court. *See Alcan Packaging Co. v. Graphic Commc'n Conf., Int'l Bhd. of Teamsters & Loc. Union No. 77-P*, 729 F.3d 839, 841 (8th Cir. 2013), *as corrected* (Oct. 30, 2013) ("Except in limited circumstances, that body of law requires a court to defer to the arbitrator's interpretation"); *See also WM Crittenden Operations, LLC v. United Food & Com. Workers, Loc. Union 1529 On behalf of Brooks*, 9 F.4th 732, 735 (8th Cir. 2021) ("Courts play only a 'limited role' in reviewing an arbitrator's decision, because the

12

interpretation of a collective bargaining agreement is a matter for the arbitrator")
(citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).

The parties in this matter agreed to "resolve… disputes via arbitration, they
agreed to be bound by the arbitrator's interpretation of the agreement… [a court]
may not vacate an award merely because [it's] construction of the agreement differs
from the arbitrator's." *Alcan Packaging Co.*, 729 F.3d at 841. The Company may not
now attempt to circumvent a binding arbitration award, reaffirmed by the district
court, because it did not get its preferred outcome. Such an ill-fated attempt is exactly
the exploitation of the courts that the federal court's limited review of arbitral awards
was established to prevent. *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S.
564, 569 (1960) ("When the judiciary undertakes to determine the merits of a
grievance under the guise of interpreting the grievance procedure of collective
bargaining agreements, it usurps a function which under that regime is entrusted to
the arbitration tribunal.")

The Company argues that Arbitrator Hoh's interpretation of the collective
bargaining agreement did not draw its essence from the agreement because it
contends that the term "layoff" is confined to long term layoffs. Not only is this
argument baseless, but it's been directly dismissed by this Court. *See Alcan
Packaging Co.*, 729 F.3d at 841 (dismissing the employer's argument that the
arbitrator's award should be vacated because his interpretation of the word "closure"

Appellate Case: 25-1142    Page: 19    Date Filed: 04/17/2025 Entry ID: 5507430

conflicted with the ordinary meaning of the word and noting "[e]ven if the arbitrator was incorrect about that point, such a mistake is not sufficient reason to set aside the award").

Upon the mutual assent of both parties in this matter, Arbitrator Hoh was tasked with interpreting the Agreement, including the language and terms within the Agreement. Interpreting the meaning of "layoff" within the Agreement was well within the scope of Arbitrator Hoh's authority. *See Associated Elec. Co-op., Inc. v. Int'l Bhd. of Elec. Workers, Loc. No. 53*, 751 F.3d 898, 903 (8th Cir. 2014), *as corrected* (May 30, 2014) (noting that when a CBA "fails to define [a] term, the arbitrator's broad authority to interpret the contract, to which we must defer, includes defining and applying that term of the contract.")

Further, the Company's tenuous argument falls apart upon even cursory analysis. Arbitrators have long held that the term "layoff" includes any suspension from employment and that the scheduling of employees not to work does not make the occurrence any less of a layoff. Elkouri & Elkouri, *How Arbitration Works*, 13-166 (7th ed. 2012).

The Company asserts that "lay off" cannot mean to be released, because Article V, Section 12 uses the term "relieved from duty" instead of "laid off." This argument is a clear logical fallacy. The Company could not likewise reasonably

14

argue that all references to "employees" in the Agreement does not include "drivers" because the term "drivers" appears elsewhere in the Agreement.

It is not for this Court to decide the meaning of every word of the collective bargaining agreement between the parties. This Court has "no business…determining whether there is particular language in the written instrument which will support the claim." *United Steelworkers of Am.*, 363 U.S. at 567-68. That task has already been completed by Arbitrator Hoh in his award, wherein he interpreted the Agreement and did so well within the scope of his authority. As such, this Court has "nothing left to do but" uphold the district court's enforcement of Arbitrator Hoh's award. *Dallas & Mavis Forwarding Co.*, 972 F.2d at 134 (6th Cir. 1992).

### b. The Company Invites this Court to Violate its Precedent and Ignore the Collective Bargaining Agreement.

The Company not only plainly asks this Court to review the merits of Arbitrator Hoh's decision, well outside of the bounds of the Court's review, but also to ignore the plain text of the Agreement.

As discussed above, Arbitrator Hoh correctly found that "Article V, Section [11] of the contract *clearly and undisputedly* provides that all drivers '... will be ... called [into work] according to seniority,' as well as laid off and recalled by seniority." App. 129; R. Doc. 16-8, at 7 (*emphasis added*). Because the Agreement's

15

language was clear and unambiguous, Arbitrator Hoh followed arbitral precedent and enforced the plain language of the Agreement. In doing so, Arbitrator Hoh noted that parole evidence was unnecessary to clarify the Agreement's language, again abiding by arbitral precedent. Such a decision was well within the bounds of Arbitrator Hoh's authority, and the merits of that decision may not be questioned by a court. *Stark,* 381 F.3d at 798.

The Company argues that Arbitrator Hoh was obligated—yet failed—to consider Article V, Section 12, together with the bargaining history of the parties. This argument is patently incorrect. Arbitrator Hoh plainly *did* analyze the relevance of Article V, Section 12 in connection with the grievance presented for arbitration and unequivocally stated that the provision "*has nothing to do with the other clear terms of Section [11]*." App. 130; R. Doc. 16-8, at 8. Likewise, Arbitrator Hoh explicitly acknowledged the Company's assertion of the parties' bargaining history and repeated the Company's argument, nonetheless finding it irrelevant. *Id*. Thus, there is no conceivable circumstance wherein it may reasonably be said that Arbitrator Hoh's award ignored and failed to analyze the Company's arguments and the supposed evidence put forth to support them. Arbitrator Hoh simply analyzed the Company's arguments and proffered record, the same arguments and record put forward to this Court, and found them unpersuasive.

Appellate Case: 25-1142    Page: 22    Date Filed: 04/17/2025 Entry ID: 5507430

Arbitrator Hoh's review of the record and factual decision that neither Article V, Section 12 of the Agreement nor the parties' bargaining history is relevant to the dispute that was before him is well beyond the review of the courts. *See SBC Advanced Sols., Inc.*, 794 F.3d 1020 at 1028 ("We reject the Company's argument, however, because Arbitrator McKee *did* in fact address the parties' intent by explicitly considering 'the bargaining history introduced by the Company…' Our narrow review precludes us from reviewing the factual accuracy of Arbitrator McKee's finding.")

The Company would have this Court not only ignore its precedent holding that review of an arbitration award is "among the narrowest known to the law," but the "*clear and unambiguous*" language of the Agreement. *Bhd. of Maint. of Way Employees* 307 F.3d at 739. "When the language of the contract is clear and unambiguous, however, as in the present case, the arbitrator may not rely on parole evidence." *See, e.g., Coca–Cola Bottling Co. v. Teamsters Local Union No. 688,* 959 F.2d 1438, 1442 (8th Cir.), *cert. denied,* 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Arbitrator Hoh found that the plain language of the Agreement was clear and unambiguous.

Thus, Arbitrator Hoh could not have relied on parole evidence in formulating his decision. *Id*. The Company invites this Court to evaluate the merits of Arbitrator Hoh's award and consider parole evidence directly in violation of the clear language

17

of the Agreement and prevailing precedent. *Id*. Indeed, the Company cites *Excel Corp. v. United Food & Com. Workers Int'l Union, Loc. 431* throughout its brief, but is essentially asking this Court to disregard Arbitrator Hoh's well-reasoned award to implement the flaw that led to the arbitration award's vacatuer in *Excel Corp*. 102 F.3d 1464, 1468 (8th Cir. 1996) (vacating the arbitration award because the arbitrator relied heavily on parole evidence of the parties' bargaining history rather than the unambiguous terms of the agreement itself).

Further, even assuming *arguendo* that this Court could revaluate the merits of Arbitrator Hoh's award and his factual findings, the bargaining proposals cited by the Company are completely irrelevant to the clear mandate to lay off and recall drivers by seniority enshrined in Article V, Section 11. As stated in arbitration in response to Plaintiff's initial invocation of this argument, the Union's proposal on July 8, 2022, related solely to weekend work. If the Union believed the seniority system was in doubt, then it would have expanded this proposal to include weekdays. It did not. Further, the proposal referenced by the Plaintiff is, on its face, an attempt by the Union to protect drivers who are at their assigned plant, "home plant," from usurpation of their duties by drivers brought over from a different plant by the Plaintiff, as referenced in Article V Section 12, on the weekend.

Moreover, even assuming *arguendo* that Plaintiff's misconstruction of the Union's proposal in bargaining was correct, Arbitrator Hoh returned an award well

within the confines of this dispute and his authority under the CBA. "The bottom line is [the Court] will confirm the arbitrator's award even if [the Court is] convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) (quoting *McGrann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005)); *see also Alcan Packaging Co.*, 729 F.3d at 841.

Additionally, the Company argues that Arbitrator Hoh's award enforcing the plain language of the Agreement "imposes new obligations on City Wide." This assertion is specious, at best, in view of the Company's adherence to the CBA's mandate to call in, lay off, and recall employees by seniority for over several decades, as exhibited during arbitration. App. 065; R. Doc. 16-1, at 16.

It is clear that Arbitrator Hoh's award enforcing the plain language of the Agreement draws its essence from the Agreement. The Company's demand of this Court to arbitrarily overturn Arbitrator Hoh's award and violate the clear precedent of this Court should rightfully be dismissed.

## III. The Company has Waived any Argument that Article V, Section 11 of the Agreement is Ambiguous.

Despite the obvious falsity of such an argument, the Company has never contended that Section V, Article 11 of the Agreement is ambiguous and should be

19

analyzed as such. Except in a very limited situation, an employer cannot raise an issue for the first time in court when it could have raised it during arbitration. *Boehringer Ingelheim Vetmedica, Inc. v. United Food & Com. Workers*, 739 F.3d 1136, 1140 (8th Cir. 2014). Courts "will not tolerate such sandbagging." *Id.* (quoting *Dean v. Sullivan*, 118 F.2d 1170, 1172 (7th Cir. 1997)). Additionally, an issue is waived at the appellate level if it is not raised in front of the district court. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

The Company has never raised any argument that the text of Article V, Section 11 is ambiguous and should be interpreted as such. Indeed, the Company has explicitly stated the opposite, asserting that Article V, Section 11 is a "clear and unambiguous provision" in front of the district court. R. Doc. 20 at 14. Although Article V, Section 11 is clear and unambiguous, the Company has waived any argument to the contrary due to its failure to raise such an argument before Arbitrator Hoh and the district court.

## **CONCLUSION**

The plain language of Article V, Section 11 of the Agreement between the Parties states that drivers must be called in and laid off by seniority. As Arbitrator Hoh simply enforced the plain language of this provision, it is clear that his decision drew its essence from the Agreement. Thus, Arbitrator Hoh's decision and award in

20

this matter must be upheld. Accordingly, the Court should affirm the district court's confirmation of Arbitrator Hoh's award.

Dated: April 11, 2025

Respectfully submitted,

/s/Michael E. Amash
**BLAKE & UHLIG, P.A.**
Michael E. Amash, MO # 58478
Marisa B. Gates, MO # 76087
6803 West 64th Street, Suite 300
Overland Park, Kansas 66202
(913) 321-8884 (ph.)
(913) 321-2396 (fax)
mea@blake-uhlig.com
mbg@blake-uhlig.com
ATTORNEYS FOR THE UNION

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,841 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Times New Roman font.

3. This brief complies with Eighth Cir. R. 28A(h) because it has been scanned for viruses and is virus-free.

Appellate Case: 25-1142    Page: 28    Date Filed: 04/17/2025 Entry ID: 5507430

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I electronically filed the foregoing Brief for Teamsters Local Union No. 245 with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>/s/Michael E. Amash</u>

Appellate Case: 25-1142    Page: 29    Date Filed: 04/17/2025 Entry ID: 5507430