No. 25-1142

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

CITY WIDE CONSTRUCTION PRODUCTS COMPANY,
*Plaintiff-Appellant,*

v.

TEAMSTERS LOCAL UNION NO. 245,
*Defendant-Appellee.*

On Appeal from the United States District Court for the Western District of Missouri
Civ. No. 6:24-cv-03005-MDH

**REPLY BRIEF OF PLAINTIFF-APPELLANT CITY WIDE CONSTRUCTION PRODUCTS, LLC**

**STINSON LLP**
Grant E. Mulkey
Missouri Bar No. 74450
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: 816.691.3203
Facsimile: 816.412.8124
grant.mulkey@stinson.com

*Attorney for Plaintiff-Appellant City Wide Construction Products, LLC*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................... 1

   I.   The Union Misstates the Standard of Review a Reviewing Court Must Use When Reviewing a Labor Arbitrator's Award Under Section 301 of the Labor Management Relations Act ........................................................ 1

   II.   The Union's Proposed Standard of Review Would Deprive This Court of Engaging in Any Meaningful Judicial Review of Arbitrator Hoh's Opinion and Award ............................................................................................ 2

        a.   The Court Can, and Must, Evaluate the Arbitrator's Award and the Parties' Collective Bargaining Agreement ........................................... 3

        b.   Different Contract Terms Must Be Interpreted in a Manner That Gives Meaning to All Contract Terms. ................................................... 6

   III.   City Wide Has Not Waived Any Argument Regarding Article V, Section 11. ................................................................................................................ 8

   IV.   The Court Should Grant City Wide's Request for Oral Argument. ................ 9

CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n*,
 307 F.3d 737 (8th Cir. 2002) ................................................................... 1

*Boise Cascade Corp. v. Paper Allied-Indus, Chem. & Energy Workers,
 Local 7-0159*, 309 F.3d 1075 (8th Cir. 2002) ......................................... 2

*Centralab v. Local No. 816, Int'l Union of Elec. Workers*,
 827 F.2d 1210 (8th Cir. 1987) ................................................................. 3

*Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*,
 959 F.2d 1438 (8th Cir. 1992) .............................................................. 3–4

*Dallas & Mavis Forwarding Co. v. Gen. Drivers*, 972 F.2d 129 (6th Cir. 1992) ..... 2

*Excel Corp. v. United Food & Commercial Workers Local 431*,
 102 F.3d 1464 (8th Cir. 1996) ......................................................... 1–2, 4

*John Morrell & Co. v. Local Union 304A of United Food & Commercial
 Workers*, 913 F.2d 544 (8th Cir. 1990) ................................................... 3

*Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*,
 80 F.3d 284 (8th Cir. 1996) ..................................................................... 2

*Piggly Wiggly Operators' Whse. v. Piggly Wiggly Operators' Whse.
 Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580 (5th Cir. 1980) ............ 3

*PSC Custom, LP v. United Steelworkers Int'l Union, Local No. 11-770*,
 763 F.3d 1005 (8th Cir. 2014) ................................................................. 6

*Sheet Metal Workers Int'l Ass'n, Local No. 3 v. Lozier Corp.*,
 255 F.3d 549 (8th Cir. 2001) ................................................................... 6

*United Steelworkers v. Enterprise Wheel & Car Corp.*,
 363 U.S. 593 (1960) ............................................................................ 2, 5

**STATUTES**

9 U.S.C. § 10 ...............................................................................................................1

29 U.S.C. § 185 ...........................................................................................................1

45 U.S.C. § 151 *et seq.*................................................................................................1

**RULES**

Fed. R. App. P. 34(a)(2)...............................................................................................9

**OTHER AUTHORITIES**

ABA/Bloomberg Law, Elkouri & Elkouri*, How Arbitration Works*,
    ch. 13 § 13.19.A ................................................................................................6–7

Elkouri & Elkouri, *How Arbitration Works*, 13-166 (7th ed. 2012) .........................6

# ARGUMENT

I. **The Union Misstates the Standard of Review a Reviewing Court Must Use When Reviewing a Labor Arbitrator's Award Under Section 301 of the Labor Management Relations Act.**

In setting forth the standard of review it claims is applicable in this matter, the Union asserts that "[t]his Court has noted that 'our scope of review of the arbitration award itself is among the narrowest known to the law.'" Appellee Br., at 9 (quoting *Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n*, 307 F.3d 737, 739 (8th Cir. 2002)). The Union misstates the applicable scope of review. That description of the scope of review—that it is "among the narrowest known to the law"—has been used by this Court almost exclusively to describe the judicial standard of review of an arbitration decision rendered by an Adjustment Board pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq*. This case does not involve an arbitration decision rendered by an Adjustment Board, nor has it been brought pursuant to the Railway Labor Act. Rather, it is before the Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 10.

Contrary to the Union's claim, the scope of review for a court reviewing a labor arbitrator's award pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, is not "among the narrowest known to the law." Rather, although an arbitral award is granted deference, the Court has the authority, *inter alia*, "to determine whether . . .

1

the arbitrator had the power to make the award." *Excel Corp. v. United Food & Commercial Workers Local 431*, 102 F.3d 1464, 1467 (8th Cir. 1996). A labor arbitration award will be upheld "so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). However, a reviewing court should "vacate an arbitrator award 'when the award does not derive its essence from the collective bargaining agreement, or when the arbitrator ignores the plain language of the contract." *Excel Corp.*, 102 F.3d at 1467 (quoting *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471*, 80 F.3d 284, 287 (8th Cir. 1996)).

## II. The Union's Proposed Standard of Review Would Deprive This Court of Engaging in Any Meaningful Judicial Review of Arbitrator Hoh's Opinion and Award.

Throughout its brief, the Union presents the task before this Court as a *fait accompli*. For instance, the Union claims that "this Court has 'nothing left to do but' uphold the district court's enforcement of Arbitrator Hoh's award." Appellee Br., at 15 (quoting *Dallas & Mavis Forwarding Co. v. Gen. Drivers*, 972 F.2d 129, 134 (6th Cir. 1992)). However, such an approach flies in the face of the actual standard of review, which requires meaning judicial review, and is contrary to this Court's well-established precedent. *See, e.g.*, *Excel Corp.*, 102 F.3d at 1467; *Boise Cascade Corp. v. Paper Allied-Indus, Chem. & Energy Workers, Local 7-0159*, 309 F.3d 1075, 1081 (8th Cir. 2002).

2

### a. The Court Can, and Must, Evaluate the Arbitrator's Award and the Parties' Collective Bargaining Agreement.

Judicial deference "does not grant carte blanche approval to any decision an arbitrator might make." *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers*, 913 F.2d 544, 559–60 (8th Cir. 1990) (quoting *Piggly Wiggly Operators' Whse. v. Piggly Wiggly Operators' Whse. Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980)). Rather, where "a court concludes that the arbitrator did not stay within the bounds of his authority, this principle of deference inevitably gives way . . . to the greater principle that *an award not drawing its essence from the agreement is not entitled to judicial enforcement*." *Id.* (emphasis added) (quoting *Centralab v. Local No. 816, Int'l Union of Elec. Workers*, 827 F.2d 1210, 1217 (8th Cir. 1987)).

The only way to avoid "grant[ing] carte blanche approval to any decision an arbitrator might make," *John Morrell & Co.*, 913 F.2d at 559–60, and ensuring an arbitrator stays within the bounds of his authority is for the Court to engage in a meaningful evaluation of both the arbitrator's award and the parties' collective bargaining agreement. This has been the approach of this Court for decades. For instance, in *Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*, the Court scrutinized the arbitrator's characterization of a certain conclusion as a finding of fact:

Appellate Case: 25-1142     Page: 7     Date Filed: 05/09/2025 Entry ID: 5515220

> The arbitrator attempted to disguise his venturing outside the agreement by finding "*as a fact* that the three alleged infractions represented—cumulatively—the triggering event for discharge in this arbitration." *Id.* at 49, *reprinted in* Appendix at 58 (emphasis added). He reached this conclusion because there was "no support for the proposition, which in fact was not explicitly made, that the Grievant would have been discharged for any one of the alleged infractions had it been the only infraction." *Id.* Because only one violation had occurred (and a purportedly "de minimis" one at that), he reasoned, "there was no factual or contractual basis for any discipline." *Id.* at 50, *reprinted in* Appendix at 59.
>
> If this were in reality a factual finding by the arbitrator, we would be obliged to give it the highest deference. *But labeling this a finding of fact does not make it so.*

959 F.2d 1438, 1442 (8th Cir. 1992) (citation omitted) (second emphasis added). Just as the Court closely evaluated the award in *Coca-Cola*, so too the Court must closely evaluate Arbitrator Hoh's Opinion and Award in the case before it.

The Union finds fault with City Wide's reliance on *Excel Corp.*, asserting that it cuts against City Wide's position because, in that case, the Court overturned an arbitral award where the arbitrator relied on parole evidence in the face of clear and unambiguous contract language. 102 F.3d 1464, 1468–69. But the only way for the Court to determine that the arbitral award in *Excel Corp.* failed to draw its essence from the contract was to engage in meaningful review of both the award and the contract, and then reach its *own* conclusion regarding whether or not the language was clear and unambiguous instead of rubberstamping the arbitrator's answer to the same question. That is precisely what City Wide asserts this Court should do: rather

4

than blindly accept Arbitrator Hoh's conclusion about the language in Article V, Section 11, the Court must examine the language itself to determine whether Arbitrator Hoh's Opinion and Award draws its essence from the contract, or whether his "interpretation" of the CBA in fact impermissibly adds to or changes the contract.

Indeed, even the Union's own assertions *require* the Court to engage in this type of meaningful review. The Union has claimed, wrongly, that Arbitrator Hoh's Opinion and Award must be upheld because he "interpreted the Agreement and did so well within the scope of his authority." Appellee Br., at 15. But the only way for the Court to reach the Union's requested conclusion is to review both the Opinion and Award and the contract it purportedly "interprets." Otherwise, the Court would serve as nothing more than a rubberstamp for any and all arbitration awards and, in this instance, would deprive the parties of the benefit of the bargained-for limitation that Arbitrator Hoh "construe the Agreement, but not . . . change [the] same." App. 45; R. Doc. 16-2, at 4.

That is not the role of the Court. Rather, the Court must ascertain whether an arbitral award "draws it essence from the [CBA]," or whether it instead reflects the dispensation of the arbitrator's "own brand of industrial justice." *Enterprise Wheel*, 363 U.S. at 597. A review of Arbitrator Hoh's Opinion and Award makes clear it is the latter.

5

### b. Different Contract Terms Must Be Interpreted in a Manner That Gives Meaning to All Contract Terms.

When interpreting a collective bargaining agreement, individual provisions and terms cannot be read in isolation. Rather, "[c]ollective bargaining agreements . . . are to be construed as a whole *with the terms read in the context of the entire agreement.*" *PSC Custom, LP v. United Steelworkers Int'l Union, Local No. 11-770*, 763 F.3d 1005, 1009 (8th Cir. 2014) (citation omitted) (emphasis added); *Sheet Metal Workers Int'l Ass'n, Local No. 3 v. Lozier Corp.*, 255 F.3d 549, 551 (8th Cir. 2001) ("'In interpreting a collective bargaining agreement . . . we must construe the contract as a whole,' . . . and read the terms of the agreement 'in their context.'") (citations omitted). The language in Article V, Section 11 thus must be read alongside the language in Article V, Section 12 in order to be construed in the proper context of the entire agreement.

The Union claims that City Wide's insistence that "laid off" and "relieved from duty for the day" must be interpreted to mean different things is rooted in a "clear logical fallacy." Appellee Br., at 14–15.[1] Respectfully, the Union is wrong.

---

[1] The Union also claims that City Wide's position fails because "[a]rbitrators have long held that the term 'layoff' includes any suspension from employment and that the scheduling of employees not to work does not make the occurrence any less of a layoff." Appellee Br., at 14 (citing Elkouri & Elkouri, *How Arbitration Works*, 13-166 (7th ed. 2012)). To the contrary, the authority cited by the Union states: "Arbitrators have ruled that the term 'layoff' must be interpreted to include any suspension from employment *arising out of a reduction in the workforce*, and that

6

Interpreting these two terms is not fallacious, it is required by this Court's precedent and interprets the contract so as to give meaning to each work the parties have chosen to use in it.

Different words used in a contract have different meanings. Taking up the Union's example, *see* Appellee Br., at 14–15, that means that "drivers" and "employees" as used in the CBA mean different things. "Drivers" are one job classification in the bargaining unit represented by the Union, and "mechanics" are the other. Together, they are "employees." Thus, provisions in the CBA that refer to "employees" necessarily apply to all represented employees, drivers and mechanics alike. *See, e.g.*, App. 45; R. Doc. 16-2, at 4 (Article V, Section 1 establishing a 90-day probation period for "employees"). Provisions that refer to "drivers" must apply only to drivers, just as provisions that refer to "mechanics" must apply only to mechanics. *Compare* App. 46; R. Doc. 16-2, at 5 (Article V, Section 11 requiring "[a]ll drivers" to be called in, laid off, and recalled according to seniority), *with* App. 47, R. Doc. 16-2, at 6 (Article VI, Section 3 requiring that

---

the scheduling of employees not to work or the use of the term 'not scheduled' by management does not make the occurrence any less a layoff." ABA/Bloomberg Law, Elkouri & Elkouri, *How Arbitration Works*, ch. 13 § 13.19.A (emphasis added). The actual language from Elkouri does not support the Union's argument. Regardless, it remains the case that "layoff" and "relief from duty for the day" are distinct concepts with separate meanings in the parties' CBA, and Arbitrator Hoh effectively rewrote the CBA by incorporating "relief from duty for the day" into Article V, Section 11.

7

"[m]echanics must be able to work on trucks, automobiles, loaders, and be certified."). It would be nonsensical to read Article VI, Section 3 to apply to all employees, including drivers whose job duties do not require them to have the abilities necessary to be mechanics. Yet the Union would apparently have this Court endorse an arbitration award that would, but its own logic, read those terms interchangeably. That is plainly incorrect.

### III. City Wide Has Not Waived Any Argument Regarding Article V, Section 11.

The Union claims that City Wide: (1) now argues that Article V, Section 11 is ambiguous, and (2) has waived the ability to make this argument. The Union misreads City Wide's Appellant Brief. City Wide has not, and does not, argue that Article V, Section 11 is ambiguous as written. To the contrary, City Wide contends that Article V, Section 11 means precisely what it says: that "drivers" (*not* all "employees") must be "called in," "laid off," and "recalled"—*not* "relieved from duty for the day"—according to seniority.

Despite this clear and unambiguous language, Arbitrator Hoh equated the terms "laid off" and "relieved from duty for the day" despite the fact that both terms are use in separate provisions and, when interpreting the contract as a whole, must be read and understood to mean different things. Thus, Arbitrator Hoh's Opinion and Award either: (1) introduces ambiguity into the otherwise clear and unambiguous language in Article V, Section 11, particularly the term "laid off"; or

8

(2) impermissibly adds language to Article V, Section 11, particularly the phrase "relieved from duty for the day," that is not contained in the provision as negotiated by the parties. By doing so, the Opinion and Award fails to draw its essence from the contract.

This is not a new argument, it is an argument that City Wide has made both to the district court and to Arbitrator Hoh. *See* R. Doc. 16-7, at 11–14; R. Doc. 18, at 8–14. Further, to the extent Arbitrator Hoh "construed" the term "laid off" to mean "relieved from duty for the day," he had to consider the parties' mutual intent in light of their past practices and bargaining history and failed to do so.

## IV. The Court Should Grant City Wide's Request for Oral Argument.

The Union opposes City Wide's request for oral argument on the basis that City Wide "has already gotten three opportunities to argue its case and put forth identical arguments." Appellee Br., at i. The Union has failed in all respects to satisfy the standards set forth in Fed. R. App. P. 34(a)(2) in its opposition to oral argument. Oral argument is warranted and appropriate in this case.

## CONCLUSION

For the foregoing reasons, as well as those set forth in its Appellant Brief, City Wide respectfully requests that this Court reverse the district court's Judgment and Order, vacate Arbitrator Hoh's Opinion and Award, dismiss the Union's counterclaim, and award such other relief as may be just and proper.

DATE: May 8, 2025

        Respectfully submitted,

        **STINSON LLP**

        /s/Grant E. Mulkey
        Grant E. Mulkey
        Missouri Bar No. 74450
        1201 Walnut Street, Suite 2900
        Kansas City, Missouri 64106
        Telephone: 816.691.3203
        Facsimile: 816.412.8124
        grant.mulkey@stinson.com

        *Attorney for Plaintiff-Appellant City Wide Construction Products, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the Court's CM/ECF system on May 8, 2025. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

DATE: May 8, 2025                                   */s/ Grant E. Mulkey*
                                                    Grant E. Mulkey